FILED
7/16/2024 4:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L002892
Calendar, Q
28534228

FILED DATE: 7/16/2024 4:48 PM 2024L002892

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| BRIAN SWANN and ANTONIO CORONA, | ) | |
| Plaintiffs, | ) | Case No.: 2024-L-002892 |
| v. | ) | Hon. Patrick J. Sherlock |
| MAJESTIC AUTO GLASS, INC., | ) | Calendar: Q |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

BRIAN SWANN and ANTONIO CORONA ("Plaintiffs"), through counsel, for their First Amended Complaint against Defendant, MAJESTIC AUTO GLASS, INC., ("Defendant"), states:

**NATURE OF THE CASE**

1. This is an action to recover statutory damages arising out of Defendant's unlawful collection, use, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiffs in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 (2008).

**THE PARTIES**

2. Each Plaintiff is a natural person and is domiciled in Illinois.

3. Defendant is an Illinois corporation and maintains its registered agent at 833 W. 47th Pl, Chicago, IL 60609.

4. Defendant maintains its principal place of business at 833 W. 47th Pl, Chicago, IL 60609.

**JURISDICTION AND VENUE**

5. Defendant operates an auto glass distributor at 833 W. 47th Pl, Chicago, IL 60609.



**EXHIBIT B**

FILED DATE: 7/16/2024 4:48 PM 2024L002892

6. This Court has personal jurisdiction over Defendant because Defendant is a corporation operating in Illinois.

7. Defendant is a resident of Cook County because, at all relevant times, Defendant did, and continues to do business in Cook County, and thus venue is proper in Cook County.

**RELEVANT FACTS**

8. Defendant employed Plaintiff, Brian Swann, as a driver from August 2018, to October of 2021.

9. Defendant employed Plaintiff Antonio Corona as a driver from August 2022, to October 2023.

10. For purposes of this lawsuit, the relevant time period spans from March 18, 2019 to October 2023 ("Relevant Time Period").

11. Non-party isolved ("isolved") is a technology company that provides workforce management and human resource management services, such as payroll and biometric time clock systems.

12. During Plaintiffs' employment with Defendant, Defendant used a time clock system that required Plaintiffs to scan and input their handprint or hand geometry to log in an out.

13. Biometric time clock systems capture and process biometric data to record employee attendance.

14. These systems can operate in different ways, depending on how they capture, store, and verify biometric data. The two primary methods are: Local Server Verification and Third-Party Server Verification.

15. Under the first method, the employee's biometric data is captured by the time clock at the employer's place of business and is stored on a local server maintained by the employer.

FILED DATE: 7/16/2024 4:48 PM 2024L002892

When the employee clocks in or out, the time clock system compares the scanned biometric data with the stored data on the local server to verify the employee's identity.

16. Under the second method, the employee's biometric data is captured by the time clock at the employer's place of business, but this data is disseminated, disclosed, and/or redisclosed to a third-party payroll company server for verification. The third-party payroll company system compares the transmitted biometric data with a stored copy to verify the employee's identity.

17. Under either method, the employer is involved in the capture, collection, and possession of biometric data.

18. Defendant required Plaintiffs to scan their handprint or hand geometry using Defendant time clock system at the start and conclusion of each working shift during the entire time Plaintiffs were employed with Defendant.

19. Defendant's time clock system scanned Plaintiff Brian Swann's fingerprint or hand geometry no less than 600 times over the course of his employment with Defendant.

20. Defendant's time clock system scanned Plaintiff Antonio Corona's fingerprint or hand geometry no less than 575 times over the course of his employment with Defendant.

21. The biometric time clock Plaintiffs were required to use was located at the location where Plaintiffs worked for Defendant.

22. The biometric time clock Plaintiffs were required to use was owned, leased, operated and/or maintained by Defendant.

23. Defendant had credentials to access and control the time clock that captured, collected, stored and/or otherwise obtained Plaintiffs' biometric identifiers and/or information.

24. Defendant had credentials to access and control the web-based software that ran on

FILED DATE: 7/16/2024 4:48 PM 2024L002892

the time clock that captured, collected, stored and/or otherwise obtained Plaintiffs' biometric identifiers or information.

25. By owning, leasing, operating and/or maintaining the biometric time clock, Defendant possessed Plaintiff's biometric identifiers and/or information.

26. By owning, leasing, operating or maintaining the biometric time clock, Defendant collected, captured, and/or otherwise obtained Plaintiffs' biometric identifiers and/or information.

27. Through its control over and access to the biometric devices and accompanying web-based software, Defendant possessed Plaintiffs' biometric identifiers and/or information.

28. Through its control over and access to the biometric devices and accompanying web-based software, Defendant collected, captured, and/or otherwise obtained Plaintiffs' biometric identifiers and/or information.

29. Defendant's time clock system was located mounted on the wall near the entrance to the building.

30. Defendant's time clock system used, collected, stored, or otherwise obtained a scan of Plaintiffs' fingerprint or hand geometry for purposes of time tracking and employee authentication.

31. Alternatively, Defendant's time clock system used, collected, stored, or otherwise obtained an encrypted mathematical representation of Plaintiffs' fingerprint or hand geometry for purposes of time tracking and employee authentication.

32. In either event, Defendant's time clock system used, collected, stored, or otherwise obtained a unique "biometric identifier" or "biometric information," as both terms are defined below, belonging to Plaintiffs.

33. Defendant disclosed, redisclosed, or otherwise disseminated the Plaintiffs' unique

FILED DATE: 7/16/2024 4:48 PM 2024L002892

"biometric identifiers" or "biometric information" to a third-party for purposes of utilizing its' payroll management services.

34. Defendant never informed Plaintiffs of the specific limited purposes or length of time for which the Defendant used, collected, stored, or otherwise obtained their biometric identifier or biometric information.

35. Similarly, Defendant neither informed Plaintiffs of any biometric data retention policy it developed, nor whether it will ever permanently delete their biometric information.

36. Plaintiffs never signed a written release allowing Defendant to collect, capture, or otherwise obtain their biometric information.

37. Plaintiffs have continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's repeated violations of BIPA alleged herein.

38. This lawsuit is Plaintiffs' one and only chance to obtain compensation for Defendant's violations of BIPA. Depending on how technology evolves years into the future, losing control of and ownership over very personal identifiers could have untold harmful consequences.

39. BIPA was enacted in 2008 for the purpose of addressing a "very serious need for protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276.

40. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for

FILED DATE: 7/16/2024 4:48 PM 2024L002892

the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

41. BIPA also establishes standards for how employers must handle Illinois employees' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)-(d). BIPA makes it unlawful for companies to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." Furthermore, no company may "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless":

> (1) the person or customer consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the person or customer;
>
> (3) the disclosure or redisclosure is required by state or federal law or municipal ordinance; or
>
> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

*See* 740 ILCS 14/15(c)-(d).

42. For BIPA purposes, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes scans of hand or face geometry, retina or iris scans, voiceprints and fingerprints. 740 ILCS 14/10.

43. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id.*

44. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

45. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and

FILED DATE: 7/16/2024 4:48 PM 2024L002892

face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an identifier that is used to identify an individual. *See id*.

46. Plaintiffs seek an award of liquidated damages due to the difficulty in quantifying their harm.

**COUNT ONE**

**Violation of §15(a) of BIPA**
**[Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule]**

47. Plaintiffs restate paragraphs 1 through 46 of the complaint as if set out here in full.

48. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy. Specifically, these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 15(a).

49. Defendant is a non-governmental entity registered to do business in Illinois and is a "private entity" under BIPA. *See* 740 ILCS 14/10.

50. Plaintiffs are individuals who had "biometric identifiers" (in the form of scans of hand geometry) collected by Defendant. *See* 740 ILCS 14/10.

51. The Plaintiffs' biometric identifiers were used to identify them and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

52. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 15 (a).

53. Defendant did not have a retention schedule or guidelines for permanently

FILED DATE: 7/16/2024 4:48 PM 2024L002892

destroying biometric identifiers and biometric information specified by BIPA when it collected Plaintiffs' "biometric information." *See* 740 ILCS § 15(a).

54. Defendant failed to delete Plaintiffs' biometric data when Plaintiffs ceased working for Defendant, which is when Defendant's purpose for retaining that data ceased.

55. Defendant failed to make any written policy establishing a retention schedule and guidelines for permanent deletion of biometric data publicly available.

56. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' biometric data when the purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

57. Plaintiffs have never seen, been able to access, or been informed of any publicly available biometric data retention policy or guidelines developed by Defendant, nor have they ever seen, been able to access, or been informed of whether Defendant would ever permanently delete their biometric data.

58. Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet failed to comply with Section 15(a) of BIPA as it relates to Plaintiffs.

59. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA by failing to adhere to the reasonable standard of care in its with respect to biometric information and the mandates of Section 15(a) of BIPA. 740 ILCS 14/15(e)(1).

**WHEREFORE,** Plaintiffs, Brian Swann and Antonio Corona, respectfully request that this Honorable Court provide Plaintiffs with the following relief:

a. Declaring that Defendant violated Section 15(a) of BIPA;

FILED DATE: 7/16/2024 4:48 PM 2024L002892

b. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs, including an Order requiring Defendant to destroy their biometric identifiers and/or biometric information in compliance with BIPA;

c. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

d. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

e. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

f. Awarding Plaintiffs pre- and post-judgment interest, to the extent allowable.

## COUNT TWO

### Violation of §15(b) of BIPA
### [Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information]

60. Plaintiffs restate paragraphs 1 through 46 of the complaint as if set out here in full.

61. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b) (emphasis added).

62. "A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity

FILED DATE: 7/16/2024 4:48 PM 2024L002892

scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24 (internal citation omitted).

63. Informed consent is the "heart of BIPA." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

64. Defendant is a non-governmental entity registered to do business in Illinois and is a "private entity" under BIPA. *See* 740 ILCS 14/10.

65. Plaintiffs are individuals who had "biometric identifiers" (in the form of scans of their fingerprint or hand geometry) collected by Defendant. *See* 740 ILCS 14/10.

66. The Plaintiffs' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

67. Defendant collected, captured, or otherwise obtained Plaintiffs' biometric identifiers or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

68. Defendant did not inform Plaintiffs in writing that their biometric identifiers or biometric information was being collected, captured, or otherwise obtained, or the specific length of term for which their biometric identifiers and/or biometric information were being collected, stored, or used before collecting, storing, or using them as required by 740 ILCS 14/15(b)(1)-(2).

69. By collecting, capturing, storing, and/or otherwise obtaining Plaintiffs' biometric identifiers and biometric information as described herein, Defendant violated Plaintiffs' privacy in their biometric identifiers and/or biometric information as set forth in BIPA *each time* the Defendant, collected, captured, stored, used and/or otherwise obtained their biometric identifiers or information. *See* 740 ILCS 14/1, *et seq*.; *Cothron v. White Castle System, Inc*., 2023 IL 128004

FILED DATE: 7/16/2024 4:48 PM 2024L002892

¶ 24. "[T]he plain language of section 15(b) and 15(d) demonstrates that such violations occur with every scan or transmission." *Id.* At ¶ 30.

70. Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet failed to comply with Section 15(b) of BIPA as it relates to Plaintiffs.

71. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(b) of BIPA. 740 ILCS 14/15(e)(1).

**WHEREFORE,** Plaintiffs, Brian Swann, and Antonio Corona, respectfully requests that this Honorable Court provide Plaintiffs with the following relief:

a. Declaring that Defendant violated Section 15(b) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2); and

d. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS § 14/20(3).

e. Awarding Plaintiffs pre- and post-judgment interest, to the extent allowable.

## COUNT THREE

### Violation of §15(d) of BIPA
### [Disclosure of Biometric Identifiers and Information Without Obtaining Consent]

72. Plaintiffs restate paragraphs 1 through 46 of the complaint as if set out here in full.

73. BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without

FILED DATE: 7/16/2024 4:48 PM 2024L002892

obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS 14/15(d).

74. Defendant is a non-governmental entity registered to do business in Illinois and is a "private entity" under BIPA. *See* 740 ILCS 14/10.

75. Plaintiffs are individuals who had their "biometric identifiers" (in the form of scans of fingerprints or hand geometry) collected by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

76. Defendant utilized at least the third-party payroll vendor isolved to process payroll for its employees including the Plaintiffs.

77. Plaintiffs' biometric identifiers were used to identify them and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

78. By utilizing a biometric time clock or payroll management system, Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers and/or biometric information of Plaintiffs to at least the payroll company utilized by the Defendant without obtaining the Plaintiffs' consent required by 740 ILCS 14/15(d)(1).

79. By disclosing, redisclosing, or otherwise disseminating Plaintiffs' biometric identifiers and biometric information without their consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of the Plaintiffs' biometric identifiers in violation of Plaintiffs' right to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

80. Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet failed to comply with the Section 15(d) of BIPA.

FILED DATE: 7/16/2024 4:48 PM 2024L002892

81. Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(d) of BIPA.

82. "[T]he plain language of section 15(d) supports the conclusion that a claim accrues upon each transmission of a person's biometric identifier or information without prior informed consent." *White Castle System, Inc.*, 2023 IL 128004 at ¶ 29.

**WHEREFORE,** Plaintiffs, Brian Swann and Antonio Corona, respectfully requests that this Honorable Court provide Plaintiffs with the following relief:

a. Declaring that Defendant violated Section 15(d) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2); and

d. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

e. Awarding Plaintiffs pre- and post-judgment interest, to the extend allowable.

**JURY DEMAND**

Plaintiffs hereby respectfully demands a trial by jury.

Dated: July 16, 2024.

FILED DATE: 7/16/2024 4:48 PM 2024L002892

*Respectfully submitted,*

*/s/ Samuel L. Eirinberg*

Majdi Hijazin - # 6284879
Adam J. Feuer - # 6307792
Samuel L. Eirinberg - # 6328842
Cook County Attorney Code: 100751
DJC Law, PLLC
140 S. Dearborn Street, Ste. 1610
Chicago, Illinois 60603
(872) 804-3400
sam@teamjustice.com
notices@teamjustice.com
*Counsel for Plaintiffs*