**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY, LIMITED | ) ) | |
| | ) | No. 24 C 12204 |
| *Plaintiff,* | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| MAJESTIC AUTO GLASS INC., BRIAN SWANN, and ANTONIO CORONA | ) ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

**OPINION AND ORDER**

In 2024 an Illinois State court entered a default judgment for over $3.5 million against Defendant Majestic Auto Glass Inc. from an action under the Illinois Biometric Information Privacy Act ("BIPA"). Majestic sought insurance coverage from its insurer, Plaintiff Sentinel Insurance Company Limited. Sentinel disputes that it must cover the judgment and seeks an order that it owes no insurance coverage obligations to Majestic. The issue boils down to an Exclusion Provision in the insurance policies and whether it applies to the BIPA. For the reasons below, the Court grants Sentinel's motion for summary judgment.

**BACKGROUND**

This declaratory judgment action arises from an insurance dispute between Sentinel and Majestic. (Dkt. 1, ¶ 1). Sentinel provided insurance coverage to Majestic from March 18, 2019 to March 18, 2024, through five policies. (*Id.*, ¶ 18); (Dkt. 23, ¶ 16). On the last day of coverage, Brian Swann and Antonio Corona sued Majestic under 740 ILCS/14 for violating the BIPA.

("Underlying Action"). (Dkt. 23, ¶ 2).[1] Majestic turned to Sentinel for insurance coverage, tendering the Underlying Action to Sentinel on July 11, 2024. (*Id.*, ¶ 5). This prompted Sentinel to file its Complaint for Declaratory Judgment here seeking an order that it owes no insurance coverage obligations to Majestic. (Dkt. 1 at 16-21) (Nov. 26, 2024). Not too long after that, Majestic defaulted in the Underlying Action, and the Illinois State court entered a default judgment order against Majestic for over $3.5 million to Swann and Corona. (Dkt. 23, ¶ 14) (Dec. 23, 2024).

Before the Court now is Sentinel's motion for summary judgment. (Dkt. 21). All three Defendants filed notices that they were not filing oppositions to Sentinel's motion for summary judgment. (Dkts. 25-26). True to the notices, Defendants did not oppose Sentinel's motion. (*Id.*)

## **LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quotes omitted). Although the Court construes "all facts and make[s] all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

When a party fails to respond to a motion for summary judgment, that failure is "not a basis for automatically granting summary judgment as some kind of sanction." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). "Even where a nonmovant fails to respond to a motion for

---

[1] Sentinel names Swann and Corona as "nominal defendants" but seeks no relief against them. (Dkt. 1, ¶ 8).

summary judgment, the movant still [must] show that summary judgment [is] proper given the undisputed facts . . . with those facts taken . . . in the light most favorable to the nonmovant." *Id.* (quotes omitted). That said, "a non-movant's failure to respond to a motion for summary judgment . . . constitutes an admission by the non-movant that there are no disputed issues of genuine fact warranting a trial . . . ." *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995); *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 929 n.2 (7th Cir. 2018) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.") (quotes omitted); LR 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (affirming finding facts admitted when party failed to properly respond).

## ANALYSIS

The dispute focuses on an Exclusion Provision in the insurance policies. The Exclusion Provision states that the insurance does not apply to "[p]ersonal and advertising injury":

> Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

(Dkt. 22 at 4-5); (Dkt. 23, ¶ 23) ("Exclusion Provision"). The question is whether this provision requires Sentinel to cover Majestic for damages from a BIPA claim. The Court need not look far for answers, as the Seventh Circuit has squarely addressed this exact issue and exact language. In *Thermoflex Waukegan, LLC v. Mitsui Sumitomo Ins. USA, Inc.*, 102 F.4th 438, 440 (7th Cir. 2024) and *Citizens Ins. Co. of Am. v. Mullins Food Prods., Inc.*, 135 F.4th 1082, 1087 (7th Cir. 2025), the Court analyzed identical language from an identical provision under analogous circumstances and held that it "excludes coverage for BIPA claims[.]" *Citizens*, 135 F.4th at 1091. This precedent is binding, analogous, and resolves the issue before this Court. *Id.*

3

The Court in *Thermoflex* found the language of the exclusion provision unambiguous. *Thermoflex*, 102 F.4th at 440. It analyzed whether the "exclusion in the . . . policy renders it inapplicable to any claim based on" the BIPA. *Id.* The Court noted that the language "identifies biometric information as confidential," and, because "the ordinary understanding of 'confidential or personal information' includes handprints and other biometric identifiers usable for identity theft," the Court held that the exclusion applied to the BIPA. *Id.* Meaning, the exclusion provision barred insurance coverage arising from a BIPA claim—so the insurer owed no duty to cover the claim. *See id.* at 441-42. The Seventh Circuit recently reaffirmed its holding in *Thermoflex*—again analyzing the exact same exclusion provision at issue here—in *Citizens*. *Citizens*, 135 F.4th at 1087, 1091. The Court in *Citizens* was also presented with an analogous situation to the one here. *Id*. There, an insurer sought declaratory judgment that it owed no duty to defend or indemnify the insured in an underlying action concerning BIPA violations; the district Court agreed with the insurer on this issue and granted summary judgment. *See, e.g.*, *id.* at 1085-88. On appeal from the insured, the Court in *Citizens* analyzed the exclusion provision, law leading up to *Thermoflex*, and *Thermoflex* holding in detail. *See id.* at 1086-93. This led the Court to reaffirm that its "recent decision in *Thermoflex* resolves the parties' dispute" because the "[e]xclusion [provision] unambiguously excludes coverage for BIPA claims[.]" *Id.* at 1091.

In its motion for summary judgment, Sentinel presented its statement of undisputed material facts identifying the Exclusion Provision in the insurance policies. (Dkt. 23, ¶ 23). Sentinel raises *Thermoflex* and *Citizens* and states that they "are binding on this Court and the crux of this case can be resolved on this basis alone." (Dkt. 22 at 1-7); (*see also id*. at 6) (collecting cases supporting position). Sentinel argues that "[h]ere, like in *Thermoflex*, the Underlying Action sought damages for purported BIPA violations" and the "causes of action asserted, and the only

4

damages awarded, in the Underlying Action were based on BIPA violations." (*Id.* at 6-7). Because of this, Sentinel contends that the Exclusion Provision "bars coverage for the Underlying Action." (*Id.*)

None of the Defendants opposed Sentinel's motion for summary judgment. (Dkts. 25-26). The Court therefore deems Sentinel's statement of facts admitted. (Dkt. 23); *McMahan*, 892 F.3d at 929 n.2 ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.") (quotes omitted); LR 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); *McCurry*, 942 F.3d at 787 (affirming finding facts admitted when party failed to properly respond). There is no genuine issue of material fact that the Exclusion Provision is in the policies and applies to the Underlying Action. (Dkt. 23, ¶¶ 1-24). The language of the Exclusion Provision is unambiguous— it excludes coverage for BIPA claims. *Thermoflex*, 102 F.4th at 440; *Citizens*, 135 F.4th at 1091. There is no question that "clear and unambiguous terms of insurance policies must be enforced as written." *Hartford Accident & Indem. Co. v. Lin*, 97 F.4th 500, 512 (7th Cir. 2024). On the record before the Court, it is therefore proper to grant summary judgment as there is no genuine issue of material fact that Sentinel does not owe insurance coverage to Majestic for the Underlying Action. *Id.*; *Thermoflex*, 102 F.4th at 440; *Citizens*, 135 F.4th at 1091; LR 56.1(e)(3).

**<u>CONCLUSION</u>**

The Court grants Plaintiff's Motion for Summary Judgment [21] and enters judgement for Plaintiff.

Virginia M. Kendall
United States District Judge

Date: March 10, 2026

6